IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BURT MURRAY :

 v. : Civil Action No. DKC 19-3481

MARRIOTT INTERNATIONAL INC. :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Plaintiff's motion for remand (ECF No. 10). Defendant filed a response in opposition. (ECF No. 11). Plaintiff has not filed a reply although provided ample time to do so. For the following reasons, the motion to remand will be denied.

Plaintiff describes himself in his complaint as a disabled individual whose left leg was amputated. He alleges, among other things, that he reserved a handicapped accessible room at the San Antonio Marriott Rivercenter from July 24 through July 28, 2019. However, he was not provided a handicapped accessible room and complained to staff. He was injured after trying to shower and states that Defendant "has no regard for the handicapped or the ADA" and he would have canceled his reservation if he had known that he would not be provided a handicapped accessible room.

He initially filed this suit in the District Court of Maryland for Prince George's County against Marriott International, Inc.[1] The notice of removal filed by Defendant on December 5, 2019, asserted that it was served on November 5, 2019, and that it was entitled to remove the action to federal court because this is a civil action over which this court has original jurisdiction pursuant to 28 U.S.C. § 1331 and because it asserts a claim which arises under the Constitution, specifically, the Americans with Disability Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and its implementing regulation, 28 C.F.R. Part 36.

Plaintiff moved to remand the action to state court, asserting that "this matter is not a claim under the ADA" and that "my reference to the ADA is incidental." Rather, "this suit is a minor matter" "filed in local small claims court where it belongs." (ECF No. 10).

Defendant argues that the case was removed properly as Plaintiff's complaint alleges a violation of the ADA, a federal statute. (ECF No. 11).

Under 28 U.S.C § 1441(a), "a civil action brought in a State court of which the district courts of the United States have

---

[1] Defendant notes that it is identified properly as Marriott Hotel Services, Inc.

original jurisdiction, may be removed by the defendant or the defendants." The burden of demonstrating jurisdiction, and the propriety of removal, rests with the removing party. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004). On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court," indicative of the reluctance of federal courts "to interfere with matters properly before a state court." *Barbour v. Int'l. Union*, 640 F.3d 599, 615 (4th Cir. 2011) (en banc), *abrogated by statute on other grounds* by 28 U.S.C. § 1446(b)(2)(B).

Pursuant to § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction arises only from "those cases in which a well-pleaded complaint establishes either that federal law creates a cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question to federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Here, Plaintiff's complaint alleges that he is a disabled individual who was injured in an allegedly non-handicapped compliant hotel room in violation of the Americans with Disability Act, a federal statute. For actions removed under federal question

3

jurisdiction, unlike those removed for diversity jurisdiction, there is no minimum amount in controversy. Thus, the fact that Plaintiff seeks $6,000 does not strip this court of jurisdiction over an action brought under the ADA. Similarly, Plaintiff's desire to proceed in state court is not a proper basis to remand a properly-removed action. A post-removal amendment would not deprive the court of jurisdiction. Accordingly, Plaintiff's motion to remand will be denied.

                                                /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge